Gholson, .T.
delivered the opinion of the Court.
The question raised in this case is adjourned to us from the Circuit Court of Tazewell, and involves the single enquiry, whether one of the grand jurors who presented the defendant, was at the time a freeholder or not?
The defendant was presented, in April 1846, for a breach of the peace, and on his appearance pleaded in abatement, that William C. Edmonson, one of the grand jury which presented him, was not a freeholder, qualified to serve on the jury, at the time of making the presentment. Issue being joined on the plea, the facts of the case were agreed, and the question submitted to the Court.
*537 It substantially appears that the grandfather of the juror did, in the year 1841, by deed duly executed and recorded, convey to a trustee for the benefit of his grandchildren, (of whom Edmonson the grand juror was one,) considerable property, real and personal; that the trust set forth in the deed was to the effect that the trustee and his heirs should annually take and receive the rents and profits; aud should divide the same into five equal parts, of which he should pay to William C. Edmonson (the juror) one part, and permit the other parts to accumulate in his hands for the benefit of the grantor’s other grandchildren, who were under age ; but it was made the duty of the trustee, at the request of any one of the grandchildren who shall have, or might attain the ago of twenty-one years, immediately to convey and transfer to him his due portion of said property, real and personal; that the trustee was to manage the property in the most advantageous manner for the grandchildren ; that he should not convey any portion of the property to any of the grandchildren under twenty-one years of age, but that he should convey and transfer to them respectively their due portions thereof, as they severally attained the age of twenty-one, and requested said conveyance and transfer; that in the event of the death of any of the grandchildren under lawful age, the trustee should hold his or their portions for the benefit of the survivors. It was also provided that the trustee and his heirs should at all times, until Rees Edmonson (the youngest of the grandchildren,) attained the age of twenty-one, permit Andrew Edmonson (who was the son-in-law of the grandfather, and the father of the beneficiaries in the deed,) to occupy the house where he then lived, and receive such portion of the profits of the property conveyed as might be necessary for his support. It was further agreed that William C. Edmonson was twenty-one years of age in the year 1841; that he had not, up to the time of serving as grand *538 juror, demanded of the trustee any conveyance for his portion of the trust property; and that he owned no freehold in any other land: but it was agreed, that at the time serving he was in the possession of all the land embraced in the deed of trust; that he held it under a contract of lease from the trustee; and that his invariable mode of settling for the use of the land, was to retain his own portion, and pay to the trustee the portions due the other beneficiaries.
Was William C. Edmonson a freeholder qualified to serve as a grand juror?
We are of opinion that he was; and think the opinion equally sustained, whether we refer to English or Virginia authority. The grand juror was, at the time of serving, in the possession of land, “to the profits and the substantial ownership whereof” he was clearly entitled. There was no contingency or condition which could defeat his right or possession. The title outstanding in the trustee was the mere naked legal title, and that was held for his benefit. It was coupled with no conflicting interest in favour of any body else. He was twenty-one years of age, and could rightfully call for the legal title at any moment he chose; and had he died, the land would have gone to his heirs or devisees, and not to the surviving beneficiaries in the deed of trust. The claim or title of Andrew Edmonson, if he had any, was not (as in the case of Coutts v. Walker, 2 Leigh 268,) paramount to his. He had the unconditional right at any moment to demand a conveyance of his entire one fifth part; and the support of Andrew Edmonson would remain as a charge on only such portion of the property as remained under the control of the trustee.
We are then brought to the simple question, whether the fact that the mere naked legal title was outstanding in a trustee, for his benefit, did so affect his freehold qualification as to make him an illegal grand juror? The authorities on this point seem to be direct and uni *539 form. In Co. Litt. 272 b. it is distinctly laid down that cestuis que use of freehold estates are qualified to serve as jurors in England. In Bacon’s Abridgment, vol. 4, p. 556, title “Juries,” it is stated, “that it seems agreed that wherever the letter of the common or statute law requires that a juror should have a freehold, the meaning is fully satisfied by his having the wseof a freehold; and that it is not material whether he have it in his own or his wife’s right; or whether it be absolute or upon condition; or an estate of inheritance, or only for the term of one’s own or another’s life; so that it be in the same county where the suit is brought, and actually continue in the juror till the time when he is sworn. This doctrine is the result of judicial decisions rendered not only after the English statute had annexed the possession to the use, but anterior to that period, and when the repeated confiscations of real property incident to the alternate triumphs of political factions had caused much the larger portion of English conveyances to assume the complicated forms of uses and trusts. The decisions were in a measure, the result of necessity. They became, at once, fixed and settled; and we can find none to the contrary. Subsequent statutes, passed for the purpose of fixing the quantum of freehold interest necessary for service on juries, speak of the freeholds of the jurors as “ being held in their own names or in trust for them, within the county,” as a familiar principle.
In Virginia, this is the 6th case in which this question has been either directly or remotely involved; and in no one of them can we find the doctrine, that a cestui que trust of a freehold estate is a good grand juror, denied or questioned. In Commonwealth v. Reynolds, 4 Leigh 663, this Court only decided that the contract entered into by the juror Smith to sell his land, on the performance of certain conditions precedent by the other party, did not, (the conditions remaining unperformed, and no money paid,) deprive him of his free *540 hold; leaving the inference that the said contract did no,; secure to the other party any such use or trust in the said land as would constitute him a freeholder. In Kirby's Case, 7 Leigh 747, the Court refused to declare the grand juror a qualified freeholder, because it appeared from the evidence, that he himself disclaimed title to the freehold, and had instituted suit against the vendor in relation to the title and purchase money. The Court deemed it improper to pronounce him a freeholder who disclaimed all title ; and also deemed it improper where it could be avoided by its decision to affect or prejudice the rights of the parties in another pending suit. But in the cases of the Commonwealth v. Carter, 2 Va. Cas. 319, and the Commonwealth v. Moore, 9 Leigh 639, it was decided that a grantor in a deed of trust for the payment of debts was a legal grand juror, although the legal title had passed from him, and although the debts remained unpaid, and the time at which sale might be made, had arrived. In the case of the Commonwealth v. Burcher, 2 Rob. 826, it was held that a vendee of a freehold, in possession, was a good grand juror, although a part of the purchase money remained at the time unpaid, and the legal title, in the form of an escrow, was deposited with a third person, and could not be called for by the vendee, until all the purchase money was paid. We are of opinion that the present is a clearer and stronger case than any of those. The estate of the grand juror, here, is one in which his wife may clearly claim dower; and which is to all intents and purposes as fully subject to his debts and charges, and as liable to extent by digit at law, as if the full legal title were vested in him. 1 Rev. Code, p. 370, § 29, 30. He is in fact not only possessed of the estate contemplated in the said sections of our statute, but enjoys the superadded right of calling in the legal title at will and pleasure.
We, therefore, advise the Circuit Court of Tazewell to declare William C. Edmonson a good grand juror.